COLMORE BEANES *vs.* SAMUEL HAMILTON.—*December* 1845.

The plea of limitations, to a *scire facias* to revive a judgment, ought to state the time when the judgment was rendered, otherwise it is defective on special demurrer.

APPEAL from *Prince George's* county court.

On the 3rd October 1842, *Samuel Hamilton* sued out a writ of *scire facias,* to revive a judgment recovered by him against the appellant, at April term 1828. The defendant appeared, and after oyer of the writ, pleaded *nul tiel* record, and limitations, in which latter plea it was alleged, "that the judgment, aforesaid, in the writ of *scire facias,* aforesaid mentioned, was had and recovered against him, the said defendant, on the — day of ——, and not after;" and "that," &c.

The plaintiff replied there was such a record, and demurred specially to the second plea, on which issues in law were joined. The county court, on production of the record, found the first issue for for the plaintiff, and also sustained the demurrer, and rendered judgment of *fiat.*

The defendant appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, SPENCE, MAGRUDER and MARTIN, J.

By C C. MAGRUDER for the appellant, and
By W. H. TUCK and J. JOHNSON for the appellee.

DORSEY, J., delivered the opinion of this court.

The ground of the special demurrer, filed in this case to the appellants plea of limitations, is, that blanks were left in the plea, in its allegation of the time when the judgment was rendered, on which the *scire facias*, in the case before us, had issued. The allegation, in which the blanks are left, forms a customary part of such a plea, and cannot be regarded as a wholly immaterial part of it. It is repugnant to nothing which precedes or succeeds it ; and is an appropriate allegation in connection with the judgment to which it relates. The omission to fill up the blanks in question, we therefore think, formed a fit subject for a special demurrer.

JUDGMENT AFFIRMED.